Dear Judge Centanni:
This office is in receipt of your request for an opinion of the Attorney General in regard to acquiring office space for your court in a municipal building of the City of Kenner. You indicate your district includes approximately 80% of Kenner and the building lies within your district. The 6th Justice Court includes your courtroom, the Clerk of Court's office, and Constable's office, and you ask if there is any prohibition for the 6th Justice Court being located in a municipal services building. You further ask if the City is required to assess a cost for the office space for the 6th Justice Court.
We first note that this office has observed in accordance with R.S.42:62(9) that a Justice of the Peace Court and all other parochial officials shall be separate political subdivisions. Additionally, this office had stated that it had annually sent letters to police jurors throughout the state to make them aware of the fact that they possessed the authority to provide for the expenses for justices of the peace and constables to attend the annual Justice of the Peace Training Course, Atty. Gen. Op. No. 85-840. We feel this must have been justified on a basis of a cooperative endeavor. although it should be noted by Act 706
of 1986 amending R.S. 13:2591 such payment by the police jury became statutorily approved.
As you relate in your inquiry, you have executed several hundred arrest warrants for the City of Kenner Police Department under both state and city municipal charges, and the building in question lies in your district which is a requirement that your court must be held in the district from which you are elected, Atty, Gen. Op. No. 98-35. Because of the activities of your office in relationship to the operation of the municipality, we believe pursuant to a cooperative endeavor, a municipality may furnish space in a municipal building for the needs of a Justice of the Peace Court.
Moreover, we find an agreement by the municipality with your Court to permit your occupancy in a municipal building without cost would be valid. While Art. VII, Sec. 14 of the Louisiana Constitution prohibits things of value of any political subdivision being loaned, pledged, or donated to any person or association, public or private, the political subdivision "may engage in cooperative endeavors with each other" for a public purpose. However, it is well recognized that the donation cannot be merely for a public purpose, but there must be a legal obligation or duty in regard to the transfer. The municipality has an obligation to act for the benefit of public health, safety, morals and general welfare of the municipality, and the function of the Justice of the Peace Court furthers this concept by the operation of the court.
Accordingly, we would conclude there would be a valid basis for a cooperative endeavor for the municipality to furnish the 6th Justice of the Peace Court with office space in the municipal building without assessing a rental fee if it should reach such an agreement.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr